John C. Glover, Plaintiff, *v.* Sarah Glover, Defendant.

Supreme Court, Westchester County, November 1, 1944.

550

*Albert A. Verrilli* for plaintiff.

*Eugene Nadelman* for defendant.

HINKLEY, J. This is an instance of seemingly first impression. Unfortunately it will not reach the higher courts for the reason that there is no one to contest or object to the decision. However, it is a matter of perhaps far-reaching importance and a departure from long-established procedure.

The plaintiff seeks a divorce from his wife upon the ground of adultery and, by reason of his service in an active branch of the armed service at some distant point, is unable to be present at the trial; nor can he now be reached for the purpose of executing a deposition. His wife, although personally served, does not appear or answer.

There is no statutory requirement that a plaintiff appear upon the trial of a matrimonial action. All of the essential statutory commands have been obeyed. The summons and complaint are in form and the complaint is verified by the plaintiff's attorney in accordance with rule 99 of the Rules of Civil Practice. The summons and complaint have been properly served and the affidavit of service made in conformity thereto. The affidavit of regularity and default is sworn to by the plaintiff's attorney who has been retained by letter from the plaintiff. Obviously there is no necessity for an affidavit of military or nonmilitary service. Proofs have been taken in open court, and sufficient competent probative evidence has been presented to establish the material allegations of the complaint. Documentary evidence has established the marriage of the parties within the State of New York. The plaintiff has presented an affidavit sworn to before his commanding officer negativing the prohibitive provisions of section 1153 of the Civil Practice Act and establishing the essential proof satisfactory to the court as required by section 1150 of the Civil Practice Act.

Owing to the absence of the plaintiff in the service of his country in war the court feels justified in departing from the established procedure of requiring that a plaintiff in a matri-

monial case appear personally in court or that his testimony be taken by deposition. The defendant, as appears by her letter, is in South Carolina and not subject to subpœna.

There may be a danger of fraud in permitting marriages to be dissolved without the personal appearance of the plaintiff. On the other hand, it is common knowledge that some members of the armed forces when stationed in what are known as the easy States for the required residence period obtain divorces without the knowledge of their wives, and the latter, so far as governmental allotments are concerned, have no husbands in the service. Obviously the care which the courts of this State exercise before dissolving marriage ties is a surer safeguard against fraud than the courts of these States which treat marriages so lightly.

Present findings and judgment.